HUBERT A. QUEEN, Appellee,

*v.*

NEW YORK UNDERWRITERS INSURANCE COMPANY, Appellant.

435 S.W.2d 122.

(*Knoxville,* September Term, 1968.)

Opinion filed November 22, 1968.

D. H. ROSIER, JR., Maryville, J. H. HODGES, Knoxville, for appellant; HODGES, DOUGHTY & CARSON, Knoxville, of counsel.

ROM MEARES, JR., Maryville, for appellant.

236

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal in a workmen's compensation case by the employer's insurance carrier, alleging one assignment of error as follows:

The Court erred in granting the petitioner permanent partial disability on the basis of a 37½ per cent disability to one hand and one foot inasmuch as there is no material evidence in the record upon which such an award could be based; and said award was arrived at through erroneous calculation.

The chancellor found as follows:

The Court having viewed the left arm and right foot and ankle, and having heard medical testimony relative to the residual disability, is of opinion and finds that the petitioner has a permanent partial disability or loss

of use of the left arm of 45% and a permanent partial disability of loss of use of the right foot of 30%.

The petitioner having a partial loss of or loss of use of one hand and one foot, his benefits are fixed by the Workmen's Compensation Law, Section 50-1007, pertaining to loss of or loss of use of one hand and one foot. The mean average of the disability of loss of use of the left hand of 45% and of the right foot of 30% is 37½% and petitioner is entitled to an award or judgment of 37½% of 400 weeks or 150 weeks at 65% of his average weekly wage of $29.09 per week.

■ The chancellor found the loss of use of an arm and a foot and then made an award based on the scheduled injury of a hand and a foot. We consider this to be clerical error and the insurance carrier concedes if such be error it is harmless error.

The employee was injured in a fall of about twelve feet, striking a concrete floor, sustaining a fracture of the right foot and a fracture of the left arm in the area of the wrist. Upon the trial Dr. George T. Novinger, witness for employee, set the disability of the wrist at fifty per cent and the disability of the foot at fifty per cent. Dr. Oliver, witness for the insurance carrier, set the disability of the wrist at twenty-five per cent and the disability of the foot at twenty-five per cent.

The insurance carrier insists that since the disability ratings were set on each injured member of the body separately and no disability rating set on the two members taken together, then there is no evidence to support an award under T.C.A. 50-1007(c), for the scheduled injury of loss of use of an arm and a foot; that under this evidence and the findings of the chancellor the award

should have been computed based on forty-five per cent of two hundred weeks for the loss of the use of an arm, plus thirty per cent of one hundred twenty-five weeks for the loss of the use of a foot, which would total one hundred twenty-seven and one-half weeks as opposed to the chancellor's award of one hundred fifty weeks.

The question for decision is under the schedule of injuries set out in T.C.A. 50-1007(c), where two members of the body are listed as a scheduled injury and under all the evidence the loss of the use of these members is evaluated separately, then the court cannot make an award for the loss of the use of these members under the schedule listing them together as one scheduled injury, but is required to compute the award applying the schedules wherein the members are listed separately, adding them together for the total award.

We have not been cited, nor do we find, any case which we consider to be directly in point on this narrow issue. While not directly in point, the case of *Griffith v. Goforth,* 184 Tenn. 56, 195 S.W.2d 33 (1946), does shed some light on the matter.

In the *Griffith* case the employee received serious injuries to numerous parts of his body. Although the chancellor found and fixed percentages of loss of use to eight separate members of the body, he made the award under Subsection (e) of Code Section 6878 (T.C.A. 50-1007), finding from these numerous injuries the employee was totally incapacitated. The award under Subsection (e) at that time was limited to $5,000.00. The employee, upon appeal, argued the loss of use of these eight members of the body should have been computed under Subsection (c) of said Code Section in accord with the

percentages found by the chancellor and then added together, which would have made the award $9,652.50. The Court rejected this argument for reasons stated in the opinion not pertinent to this case.

Among the percentages found by the chancellor in the *Griffith* case the loss of use of the right arm was set at eighty per cent and the loss of use of the right leg was set at seventy-five per cent. The loss of use of an arm and a leg is a scheduled injury under Subsection (c). This Court, taking the percentages set by the chancellor as to the loss of the use of the arm and leg made an award to employee under Subsection (c) based on eighty per cent loss of the use of an arm and the leg, as a scheduled injury, the total being $5,760.00.

The point in the *Griffith* case applicable to the case at bar is that this Court in the *Griffith* case did exactly what the insurance carrier in the instant case argues cannot be done. In the *Griffith* case the percentage of loss of use of the arm and leg were evaluated separately by the chancellor and there is no showing these members were evaluated together, nor do we think such would be necessary. The Court having before it a percentage of disability to the arm and another percentage of disability to the leg, could make a judgment as to percentage of disability to these two members taken together.

The insurance carrier relies principally upon the case of *Knoxville Power and Light Company v. Barnes,* 156 Tenn. 184, 299 S.W. 772 (1927). This case involved a percentage of loss of use of the left arm and the right hand. In computing the award the trial judge used a method insisted upon by the insurance carrier in the case;

that is, the employee was given an award based upon the percentage of loss of use of the hand, plus a percentage of the loss of use of the arm. The appeal in this case by the employer alleged two errors. The first assignment of error dealt with neglect and refusal of employee to use safety devices. The second assignment of error is as follows:

Second. If awarded, the employee is not entitled to compensation for loss of use of the left arm, and for loss of use of the right hand, the award being precluded by Section 28, Subsection (c), which provides:

"Where an employee sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation only for the injury which produced the longest period of disability. 156 Tenn. at 186 [299 S.W. at 774].

Under these assignments of error the Court in the *Barnes* case was not required to and did not deal with the issue raised in the case at bar. It is true the Court affirmed the action of the trial judge, but the employer made no objection to the method of computing the award.

The judgment is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.